STATE, EX REL. CORRIGAN, PROSECUTING ATTORNEY, RELATOR, *v.* HENSEL, RESPONDENT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26257.   Decided April 30, 1964.

*Mr. John T. Corrigan*, prosecuting attorney, for relator.
*Messrs. Day, Berkman & Gordon*, for respondent.

SKEEL, C. J.   This action which seeks a writ of quo war-

ranto invokes the original jurisdiction of this court. The action challenges the right of the respondent to hold the public office of member of the school board in the school district of Richmond Heights. The respondent was elected to said office in the year 1961 for a four year term beginning on the first Monday in January, 1962.

The petition alleges the respondent's election to the said board and that as such board member, he is a "public officer"; that since his election he has acted and served as such public officer; that at the time of his election and since that time the said respondent, Philip Hensel, has owned and operated and continues to own and operate an employment agency for school teachers and other persons seeking employment by or with boards of education throughout the State of Ohio and County of Cuyahoga; that said respondent charges a fee for procuring employment for applicants; and that he has a pecuniary interest in the employment contracts of teachers and other employees of said board by reason of his ability as a board member to examine their service and salary records.

It is further alleged that respondent's personal and private business places him in a position which is inconsistent and incompatible with his duties to the public as a board member; that the respondent has, by reason of his private business interests and activities, no legal right (because of conflict of interest) to remain a member of said board; that in remaining on the board and participating in the conduct of its business, he jeopardizes the legality of its activities; and that because of the conflict of his personal interests with the duties imposed upon him as a member of the board, he should be ousted and removed as a board member.

The respondent's answer (with interrogatories attached) admits that the relator is the duly elected County Prosecutor of Cuyahoga County, that he, the respondent, was elected to the Richmond Heights Local School District Board of Education as alleged, and that he has, since his election, acted in the alleged performance of his duties as a member of such board and in so acting has been acting as a public officer.

The respondent also admits that he operates an employment agency for school teachers and other academic personnel and that while in the operation of his private business he has

placed many teachers in school districts throughout the county but that he has not placed one of his applicants as teacher or otherwise in the Richmond Heights School System. It is asserted that the respondent, by reason of his teaching experience and as the operator of an academic personnel service business, is better able to serve as a board member.

It is alleged that in order to avoid even the slightest possibility of conflict of interest between his business and his membership on the board, he has pledged neither to assist nor prevent his clients from applying for employment in the Richmond Heights School System, and that if any of his clients should apply or be hired by the school district, he would waive any fees that might result and would not vote for or against confirmation of any teacher's contract in which he might have the remotest interest.

The respondent denies that his personal or private business will induce him to violate his duty to the public. The respondent denies that his membership on the board in any way jeopardizes the legality of its activities and affirmatively states that this action is the result of his ''substantive'' views as to the proper way in which the board should manage the school district. Respondent specifically denies the alleged statements purportedly made by him as set out in the petition of the relator to the effect that respondent could hire competent help, including teachers, for less than the board was then paying. Respondent also denies that by reason of his membership on the board, the service records, including salaries, were open to his inspection, which privilege he used for his personal advantage, financial and otherwise, in the operation of his teacher employment business, and all other allegations of like character.

A reply was filed by the relator denying all new matter, either specifically or generally, that respondent set out in his answer.

The primary claim of conflict of interest whereby the respondent has forfeited his right to hold the public office of member of the school board of Richmond Heights to which he was duly elected, has to do with the operation of his employment office for academic personnel. By his answer and his testimony, the respondent admits the operation of such teacher employment business.

It is also claimed that the respondent, by his antagonistic conduct toward the proper operation of the school system and to the managing personnel, is unfit to continue as a member of the school board of Richmond Heights. While there is evidence supporting the conclusion that respondent's violent disagreement with the conduct of the school system in Richmond Heights and respondent's methods in attempting to enforce his views by appealing to the public and otherwise, is not conducive to the calm deliberations of an administrative body, certainly the personality clashes of respondent with other members and employees of the system and his methods of trying to "force his way" on the other members of the board, even when conclusively shown, could not be the basis for removal of the respondent from office.

We will, therefore, confine our consideration to the question of whether or not the respondent's operation of an employment bureau for academic personnel and the emoluments naturally resulting from the successful placement of applicants, and in the process, imposing upon himself the restriction of not taking part in board deliberations when considering respondent's clients and in his making use of information from the personnel records of the Richmond Heights School System, which becomes available to him through his membership on the board, create such a conflict of interest as to require this court to remove him from office by granting a writ of quo warranto.

The respondent, in meeting the claim that his vocation has developed a conflict of interest between the conduct of his business and his duties as a board member, inferentially has admitted that a conflict will develop if one of his clients were to seek employment in the Richmond Heights School System or if such an employee should seek other employment through the efforts of the respondent in the conduct of his business. At a meeting of the board, after the county prosecutor had determined upon a proper request that there was a conflict of interest between respondent's business activities and his public office as a member of the school board (which opinion has been supported by the opinion of the Attorney General of Ohio) issued the following statement at a meeting of the board held April 3, 1962:

"I pledge that I shall neither vote for nor against the con-

firmation of any teacher's contracts in which I might have the most remote interest while serving as a board member, and I anticipate no such instances."

The respondent testified to the same effect when in answer to the question on cross-examination:

"Q. * * * Didn't you make a statement to the Board which is recorded in the minutes to the effect that you would never vote on any client of yours that came before the Board for employment?

"A. Yes, I believe so."

In other places in the record, the respondent testified as to his purpose to take no part in the deliberations of the board when dealing with any person who was registered with his employment agency. He alleged, as set forth in his brief, however, that he knew of no case where a fee resulted in his favor from any such employment.

The respondent also testified as follows:

"Q. By having access to the personnel and salary records of the Richmond Heights Board of Education you could if you so desired use that information in said Board records in your private business, couldn't you? * * *

"A. I could but I wouldn't because I don't need them. I already have all the information I need and all the business I can handle.

"Q. Have you ever done this?

"A. I have never done so and never will.

"Q. If you could find a better job for some Richmond Heights Board of Education employee, you could induce or try to induce that employee to leave Richmond Heights and take a better job and collect your fee for getting that job, couldn't you?

"A. Sure. I could take a high-power rifle and shoot somebody down on the street. I wouldn't think of doing that any more than I would that.

"Q. And the question?

"A. I wouldn't because I couldn't think of it.

"Q. You could do it if you wanted?

"A. I could shoot somebody down the street if I wanted to but I couldn't think of it."

The Attorney General of Ohio, in advising the County Prosecutor that it was his opinion that the respondent's actions

in owning and operating an employment agency dealing exclusively in academic personnel, creates a conflict of interest with respondent's public duties as a member of a school board, cited as the basis of his opinion Section 3313.33, Revised Code, which provides, in part:

"* * * No member of the board (of education) shall have, directly or indirectly, any pecuniary interest in any contract of the board or be employed in any manner for compensation by the board of which he is a member except as clerk * * *"

The policy of the law is to strictly construe the statutory prohibitions against a public office holder having even a tangible financial or beneficial interest or a personal advantage in matters about which he must deal as such public employee.

The respondent, by his own admissions, clearly states the conflicts between his personal interest and those with which he must deal as a board member. His pledge not to vote if and when one of his clients seeks employment with the Richmond Heights school system shows that he is conscious of a conflict clearly apparent by a mere statement of the admitted facts. The people of the school district are entitled to the unbiased judgment of all the members of the Board on all business transactions which the respondent would avoid in instances where his business interests are involved. It is also clear that the school district could be deprived of a highly competent employee because such person had registered for work with respondent and for that reason, as stated by the respondent, could not get full consideration by all members of the Board. There is also the possibility that respondent, for monetary reasons, could seek to replace a competent employee of the Richmond Heights school system in another school system, although respondent declares he wouldn't think of doing such a thing any more than he would not shoot somebody down because he "couldn't think of it." Thus, the undisputed facts show that there is a conflict of interest between the respondent's personnel business and his public duties as a member of the Board of Education of the School District of Richmond Heights.

A writ of quo warranto is, therefore, ordered to issue, removing Phillip Hensel from the public office as a member of the School Board of the school district of Richmond Heights.

SILBERT and WASSERMAN, JJ., concur.